```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

ALFRED FLOWERS,

            Plaintiff,      Civil No. 07-2035 (JBS)

    v.

                                MEMORANDUM OPINION

PAUL SCHULTZ, et al.,

           Defendants.

**Simandle, District Judge**:

    1.  This matter comes before the Court on its own initiative, pursuant to Fed. R. Civ. P. 4(m), because it appears that more than 120 days have elapsed since the Complaint in this action was filed on June 6, 2007 and the Complaint has not been properly served on defendants.

    2. Pursuant to Plaintiff's motion, on January 2, 2008 the Court entered an Order enlarging the time within which Plaintiff was permitted to serve the Complaint, giving him an additional sixty days from that date.  More than sixty days have passed since the entry of that Order and Plaintiff has not properly served the Complaint or the Amended Complaint.

    3.  Plaintiff attempted to effectuate service by requesting that the U.S. Marshal serve the United States Attorney's office for this District.  On March 20, 2007 that office was served and the summonses were returned executed [Docket Item 16].  However,

that is not proper service pursuant to Rule 4(i)[1].

    4.  Plaintiff brings this action against United States

---

[1] Fed. R. Civ. P. 4(i) provides:

(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
   (1) United States. To serve the United States, a party must:
      (A)
         (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
         (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
      (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
      (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
   (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
   (3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).
   (4) Extending Time. The court must allow a party a reasonable time to cure its failure to:
      (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
      (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

employees, apparently in their official capacities.[2]  Pursuant to Fed. R. Civ. P. 4(i)(2), Plaintiff is required to serve the United States as described in Rule 4(i)(1)(A) and also to send a copy of the summons and the complaint by registered or certified mail to each of the employees.

    5.  Pursuant to Rule 4(i)(4)(A), the Court must allow Plaintiff a reasonable time to cure his failure to properly serve the defendants pursuant to Rule 4(i)(2) because he has already served the United States Attorney.  Given the long passage of time since Plaintiff filed the Amended Complaint and given the previous extension of time to permit Plaintiff to make proper service, the Court shall permit Plaintiff only an additional thirty days from the entry of the accompanying Order to properly serve the defendants.

    6.  As Plaintiff has been informed repeatedly, he must serve not only the U.S. Attorney's office, as he has already done, but must also send a copy of the summons and the amended complaint [Docket Item 5] by registered or certified mail to the Attorney General's office in Washington, D.C. and directly to each of the employees who are defendants in this action.  Fed. R. Civ. P. 4(i)(1)(A), Fed. R. Civ. P. 4(i)(1)(B), Fed. R. Civ. P. 4(i)(2).  Because Plaintiff appears also to challenge a Bureau of Prisons

---

[2] Fed. R. Civ. P. 4(i)(3) governs service on United States employees sued in their individual capacities.  Plaintiff has not complied with that provision either.

regulation and the Bureau of Prisons is not a defendant in this case, he also must send a copy of the summons and amended complaint by registered or certified mail to the Federal Bureau of Prisons.  Fed. R. Civ. P. 4(i)(1)(C).

    7.  Further, Plaintiff must then prove service by filing proof of service with the Clerk of Court as to each defendant served, as required by Rule 4(l), Fed. R. Civ. P.

    8.  If Plaintiff does not properly serve the Amended Complaint and file his proofs of service within thirty days, the Court shall dismiss this action, pursuant to Fed. R. Civ. P. 4(m).

    9.  In addition, Plaintiff has filed motions to change venue [Docket Item 17] and for leave to file another amended complaint [Docket Item 19] that are currently pending in this case.  Because Plaintiff has not properly served the defendants, there has been no Answer filed in this case and no opposition to these motions, and none is yet required.  Therefore, the Court shall deny these motions as premature, without prejudice to Plaintiff seeking to refile such motions after he serves the defendants as directed in this Memorandum Opinion.  An appropriate Order shall be entered.

**July 28, 2008**                    **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                     U.S. District Judge